UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PATRICK BAUCUM )<br>)<br>Defendant. )<br>) | Criminal No. 92-423 (RCL)<br><br>FILED<br>DEC 12 2012<br>Clerk, U.S. District and<br>Bankruptcy Courts |

## MEMORANDUM OPINION

Before the Court is defendant Patrick Baucum's Motion [95] to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). Upon consideration of defendant's Motion [95], the Probation Office's memorandum [96], the government's Opposition [97], defendant's Reply [98], the entire record herein, the applicable law, and for the reasons set forth below, defendant's motion will be granted in part and denied in part. Defendant's term of imprisonment will be reduced from 121 months to 120 months, but all other relief will be denied.

I.  BACKGROUND

On November 5, 1992, a grand jury returned an indictment in this case, charging defendant with one count of unlawful possession with intent to distribute 50 grams or more of cocaine base ("crack") (Count 1) and one count of unlawful possession with intent to distribute cocaine base within 1,000 feet of a school (Count 2). On December 23, 1992, while in third party custody, defendant was arrested and charged with first degree murder, among other counts, in D.C. Superior Court. Criminal Case No. F-1302-02. On February 23, 1993, a grand jury returned a superseding indictment in this case, charging defendant with the above-mentioned Counts 1 and 2. On December 3, 1993, a petit jury returned guilty verdicts on both counts.

On March 1, 1994, District Court Judge Norma Holloway Johnson dismissed Count 1 and sentenced defendant on Count 2 to 151 months of incarceration and ten years of supervised release. The sentence was based on the Court's finding, pursuant to the U.S. Sentencing Guidelines ("Guidelines"), that defendant's offense involved 52.14 grams of crack cocaine within 1,000 feet of a school, resulting in a base offense level of 34. Because the defendant had no prior convictions at the time of his offense, his Criminal History Category was I. Thus, the applicable sentencing range was 151 to 188 months.

On March 1, 1996, Superior Court Judge Arthur Burnett, Sr. sentenced defendant to fifteen years to life for second degree murder while armed, to run consecutive to any sentence then being served; ten-to-thirty years for assault with intent to kill while armed, to run concurrently with the second degree murder while armed count; five-to-fifteen years for possession of a firearm during a crime of violence, to run consecutive to the second degree murder while armed count; and one year for carrying a pistol without a license, to run concurrently with the second degree murder while armed count. On July 4, 2003, Defendant filed a *pro se* Petition to Vacate, Reduce, and/or Run D.C. Sentence Concurrent to Federal Sentence Pursuant to D.C. Crim. R. 35(b). On January 20, 2004, Judge Burnett denied defendant's petition.

Defendant has been incarcerated since his arrest in the Superior Court matter on December 23, 1992. The Bureau of Prisons determined that he was to serve his Superior Court sentence first. On October 21, 2009, defendant was paroled on the Superior Court sentence and began serving his 151-month sentence in this matter.

On September 30, 2009, defendant filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendments 706 and 711 to the Guidelines, which retroactively

reduced his offense level by two points. Def.'s Mot. Reduce 1, ECF No. 81. On November 5, 2010, the Court granted in part defendant's motion and reduced his sentence from 151 months to a term of 121 months. Mem. & Order 1, ECF No. 87. Defendant now asks for a further reduction in his sentence, to a term of 78 months, pursuant to 18 U.S.C. § 3582(c)(2) based on Guidelines Amendments 748 and 750. Def.'s 2d Mot. Reduce 1–3, Apr. 12, 2012, ECF No. 95. The government does not object to lowering Mr. Baucum's sentence to the mandatory minimum effective at the time of his conviction—120 months—but objects to any further lowering of his sentence.

## II.   LAW

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Guidelines for possession and distribution of crack have been reduced a number of times, most recently in response to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which took effect on August 3, 2010. The pre-FSA crack sentencing guidelines were greatly criticized for their disproportionately harsh treatment of crack versus powder cocaine possession and distribution. *See, e.g., Dorsey v. United States*, 132 S. Ct. 2321, 2328–29 (2012). Under the pre-FSA guidelines, there was a 100-to-1 disparity in the amount of crack cocaine necessary to trigger strict mandatory-minimum

sentences. *Id.* The FSA lowered that disparity to 18-to-1. *Id.* at 2328. The United States Sentencing Commission ("USSC") promulgated Emergency Amendment 748, which became effective on November 1, 2010, and lowered the guidelines ranges for crack offenses. *U.S. Sentencing Guidelines Manual (USSG) App. C. Vol. III.* Amendment 750, which made the new lower sentencing ranges established by Amendment 748 permanent, took effect on November 1, 2011. *Id.* And, the most recent USSG policy statement made Amendment 750 retroactive. *USSG* § 1B1.10.

However, the Sentencing Commission's revised policy statements state that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement *do not constitute a full resentencing of the defendant.*" *USSG* § 1B1.10(a)(3) (emphasis added). Indeed, the Supreme Court held in *Dillon v. United States* that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." 130 S. Ct. 2683, 2691 (2010). The Court is thus bound by the limited nature of relief provided by § 3582(c)(2) and U.S.S.G. § 1B1.10. *See United States v. Dunphy*, 551 F.3d 247, 251–52 (4th Cir. 2009) ("§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation"); *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002) (holding that § 3582(c)(2) authorizes "a reduction of sentence" and not a "full resentencing"); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (citation omitted) (holding that a motion pursuant to § 3582(c)(2) "is not a do-over of an original sentencing proceeding"). Thus, even though changes in the Guidelines may be applied retroactively, those changes do not affect a sentence that is controlled by a statutory mandatory minimum—that is, 3582(c)(2) cannot be used to resentence a defendant below the then applicable mandatory

minimum sentence. *Dorsey*, 132 S. Ct. at 2327 ("[O]rdinarily no matter what the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.") (citing 28 U.S.C. § 994(a), (b)(1); *USSG* § 5G1.1; *Neal v. United States*, 516 U.S. 284, 289–290, 295 (1996)); *see also See United States v. Cook*, 594 F.3d 883, 891 (D.C. Cir. 2010). The exception to this rule applies where Congress has expressly provided that a new criminal statute, which alters or repeals an older criminal statue, shall apply retroactively. *Dorsey.* 132 S. Ct. at 2330 (citing 1 U.S.C. § 109 ("saving statute")).

In *Dorsey*, the Supreme Court determined that the FSA applies retroactively only to those defendants convicted of crack offenses before the enactment of the FSA but sentenced after the FSA took effect on August 3, 2010. *Id.* at 2335. The Supreme Court, however, foreclosed the idea that Congress meant for the FSA to apply retroactively to all defendants, noting that its decision would "create a new set of disparities. But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date)." *Id.* Moreover, the D.C. Circuit has made clear that the FSA does not apply retroactively to defendants convicted and sentenced before its enactment. *See United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012).

### III. ANALYSIS

Defendant argues that his sentence should be reduced based on the FSA's new lower mandatory minimum and the Guidelines new sentencing range. When defendant was found guilty of unlawful distribution of 52.14 grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a), his Guidelines range was calculated at 151 to 188 months,

criminal history category I, total offense level 34.[1] The mandatory minimum applicable at the time was 10 years. 21 U.S.C. § 860(a) (1994). Under the 2012 Guidelines, according to the Drug Quantity Table, the defendant would have a criminal history category of I and a total offense level of 28, resulting in a Guidelines range of 78 to 97 months. *USSG* § 2D1.1. Under the FSA, the mandatory minimum sentence associated with the defendant's violation would be five years. 21 U.S.C. § 841(b)(1)(B)(iii) (2012).

The defendant asks the court to reduce his sentence to the minimum under the Guidelines—78 months. Def.'s 2d Mot. Reduce 1–3. However, 3582(c)(2) proceedings cannot be used to sentence a defendant below the statutory mandatory minimum in effect at the time of sentencing unless that mandatory minimum has been retroactively reduced by Congress. *See Dorsey*. 132 S. Ct. at 2330. The FSA's new mandatory minimums are not retroactive. *See Bigesby*, 685 F.3d at 1066. Accordingly, the Court has no authority under § 3582(c)(2) to sentence the defendant to a term of less than 120 months incarceration.

### III. CONCLUSION

For the reasons stated above, the defendant's Motion [95] to reduce his sentence will be granted in part and denied in part. The defendant's sentence will be reduced to a term of 120 months, the statutory mandatory minimum at the time he committed his offense. The Court will deny the defendant's request for a further reduction to the post-FSA minimum sentence under the Guidelines of 78 months.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on December 11, 2012.

---

[1] The Guidelines provide for a two-point increase for offenses near protected areas. *USSG* § 2D1.2. Thus, the defendant was found to have a base offense level of 32 for possession with intent to distribute, but his offense level was raised by two points to a total offense level of 34 because of his conviction under 21 U.S.C. § 860(a). *See also* Presentence Investigation Report (PSR) ¶ 14, Revised Feb. 23, 1994.